### Mary Goode v. Frederick Ruehle.

*Sale of leasehold interest for taxes, not breach of tenant's covenant to pay taxes.* On the trial of an appeal from a circuit court commissioner, in a proceeding under *chapter 150, Compiled Laws,* by a landlord to recover possession of certain city lots, from a tenant who had covenanted to pay all taxes except for pavement, on the ground of non-payment of a certain sewer assessment, it appeared that a portion of said assessment had been paid by the tenant, and that the leasehold interest of such tenant, together with buildings erected by the tenant on said lots, had been sold by virtue of a warrant for the collection of the residue of such assessment, for more than sufficient to pay the same, and that the proceeds of such sale were applied to the payment thereof.

*Held,* That there was no breach of the terms of the lease in reference to payment of the taxes. Whether the sale was valid or not, the tax has been paid by taking the property, not of the landlord, but of the tenant, and the effect is precisely the same as if the tenant had taken the money from her pocket and paid the assessment without a sale.

*Heard April 22.    Decided April 25.*

Error to Wayne Circuit.

The opinion contains a full statement of the case.

*Newberry, Pond & Brown*, for plaintiff in error.

*Lyman Cochrane* and *Theo. Romeyn*, for defendant in error.

CHRISTIANCY, J.

This was a proceeding before a circuit court commissioner, instituted by Ruehle, under *Chapter 150, Compiled Laws*, against Mrs. Goode, to recover possession of certain lots in the city of Detroit, leased by Ruehle to her husband (since deceased) for a term of years not yet expired.

The case was appealed to the circuit court for the county of Wayne, where the complainant obtained a judgment for restitution of the premises; and this judgment is brought to this court by writ of error, upon the questions of law arising upon the facts specially found by the court.

The special finding of facts, so far as essential to any question properly involved in the case, is substantially this: The premises were leased by Ruehle, March 28, 1864, to the husband of the defendant, for eight years, to be occupied for building purposes, at a certain semi-annual rent, the lessee to pay all taxes except for pavement. Goode, the lessee, died in 1866, having previously moved, from elsewhere, two small houses on to the premises, (and these were to remain as security for the tenant's performance of the terms of the lease). Defendant, his widow, remained, and still remains in possession, occupying one of the houses and leasing the other, and paying rent to complainant as her landlord.

Complainant, in 1867, took out letters of administration on the estate of the deceased lessee, as a creditor, and has acted in that capacity.

In 1868 the premises were assessed, by the municipal

authorities of Detroit, one hundred and sixty-five dollars and fifty-five cents, for the expenses of constructing a sewer.

In June, 1869, defendant paid twenty dollars on this assessment, and for the balance remaining unpaid the city collector, by virtue of a warrant for the collection of this assessment, levied upon the entire leasehold interest (being the unexpired portion of the term), with the said buildings, and sold the same for two hundred and thirty-five dollars, with which the balance of the assessment was paid, and the residue handed over to complainant, who credited the same upon his account as administrator. The money to make the purchase was furnished to the purchaser by complainant, who requested, or at least advised, the purchaser to buy it, but the purchaser was to return the money as soon as he could.

Complainant commenced this proceeding, and claimed to eject the defendant *solely* on account of the *non-payment* of *this assessment*.

Such are the facts. And—to say nothing of the possibly questionable action of the complainant in mixing up his rights and duties as landlord with those which pertained to his fiduciary position as administrator, and without inquiring into the precise nature of the interest of the defendant, as the widow of the lessee—it is quite manifest that the above statement of facts shows no breach of any of the terms or conditions of the lease in reference to the payment of taxes,—the only breach upon which complainant relied ; for, whether the sale for the taxes was valid or not (and the complainant does not stand in a position to assail its validity), the tax has been paid, and the terms of the lease, in this respect, fully satisfied, and it was paid without taking any property or money of the complainant. Had the land itself been sold, the result might have been very different. But the interest of the lessee in the term was not the prop-

erty of the complainant, nor is it claimed that the houses belonged to him. The effect of the payment thus made is precisely the same as if the defendant had taken the money from her pocket and paid the assessment without a sale.

Such, then, is the effect whether the sale was valid or not; but, if valid, the purchaser takes the balance of the term and the houses, subject to all the terms of the lease, and is entitled to the possession as assignee. In either event, therefore, complainant has shown no breach of this provision of the lease, no right of possession, and, therefore, no right to maintain this proceeding.

The judgment of the circuit court, awarding restitution, was, therefore, unwarranted by the facts found, and for this error, must be reversed, with costs.

COOLEY, J. and CAMPBELL, CH. J. concurred.

GRAVES, J. did not sit in this case.